UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT DUANE DIXON,

    Petitioner,

v.

PAUL ADAMS,

    Respondent.

_____/

Case No. 1:20-cv-564

HON. JANET T. NEFF

## OPINION AND ORDER

Pending before the Court is Petitioner's pro se Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1). Upon initial review, the Court concludes that Petitioner's petition challenges the validity of his conviction and sentence, rather than the execution of his sentence. The Court also concludes that Petitioner is not entitled to bring his § 2241 petition under the savings clause of § 2255(e). As a consequence, the Court will dismiss the petition.

**I**

On February 14, 2017, Petitioner Lamont Duane Dixon pled guilty to the single-count Indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), with a sentence enhancement pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). On June 22, 2017, the Court sentenced Petitioner to the mandatory minimum sentence of 180 months of imprisonment (Judgment, ECF No. 27). Petitioner appealed to the United States Court of Appeals for the Sixth Circuit, which affirmed this Court's Judgment in an unpublished order entered on March 6, 2018 (ECF No. 33). The record does not indicate that

Petitioner thereafter filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

On June 19, 2020, Petitioner filed the instant pro se "Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241" (ECF No. 1). In his petition, Petitioner claims that "[t]he indictment failed to state a key element of the offence that was intended to be charged" (*id.* at PageID.5) and requests the Court "dismiss the indictment with 'prejudice'" (*id.* at PageID.8). In his supporting memorandum (ECF No. 3), Petitioner further clarifies that he is seeking relief based upon the decision of the United States Supreme Court in *Rehaif v. United States*, ___ U.S. ___; 139 S. Ct. 2191 (2019).

## II

"A challenge to the validity of a federal conviction or sentence is generally brought as a habeas corpus petition pursuant to § 2255, while a petition concerning the manner or execution of a sentence is appropriate under § 2241." *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016). However, "where the remedy under § 2255 is inadequate or ineffective, the savings clause allows a federal prisoner to 'bring a claim challenging his conviction or imposition of sentence under § 2241.'" *Id.* (quoting *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam)). The savings-clause mechanism of § 2255(e) provides the following:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective, *Charles*, 180 F.3d at 756, and "'[t]he circumstances in which § 2255 is inadequate and

ineffective are narrow.'" *Hill*, 836 F.3d at 594 (quoting *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). As the Sixth Circuit explained in *Charles*, 180 F.3d at 758, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."

Petitioner's petition at bar, which seeks dismissal of an indictment for the purported "fail[ure] to state a key element of the offence that was intended to be charged" (ECF No. 1 at PageID.5 & 8), is a clear challenge to his conviction, not the execution or manner in which his sentence is being served; therefore, § 2255, not § 2241, would ordinarily provide the proper vehicle by which he should present his challenge. Petitioner indicates that he seeks "pursuant to § 2255(e) to file a § 2241 motion to challenge the legality of his conviction" (ECF No. 3 at PageID.21). In his petition, in response to the question on the form to delineate "reasons why the Petitioner's remedy by way of Section 2255 is inadequate or ineffective to test the legality of the detention," Petitioner indicated the following:

> Because the Petitioner challenges the validity of his conviction and the "savings clause" under 2241 is the only means. At the time of his conviction the settled law of this Circuit or the Supreme Court established the validity of his conviction; (2) his direct appeal and first 2255 the substantive law had changed and his conduct is no longer deemed criminal and (3) he cannot satisfy the gatekeeping provision.

(ECF No. 1 at PageID.9).

As a threshold matter, while Petitioner references a "first 2255," the record does not indicate that he filed such a motion. In any event, the remedy under § 2255 is not "inadequate or ineffective" merely because habeas relief has previously been denied, or because a § 2255 motion is procedurally barred. *Hill*, 836 F.3d at 594. The one-year period provides petitioners with a reasonable opportunity to file for relief, and, if that time period has expired, it is the result of the petitioner's "own doing and not due to any inadequacy in the statute." *Charles*, 180 F.3d at 758

(citing *United States v. Logan*, 22 F.Supp.2d 691, 693-94 (W.D. Mich. 1998)). *See also Hueso v. Barnhart*, 948 F.3d 324, 334 (6th Cir. 2020) ("[N]o reasonable interpreter would say that § 2255(f)'s one-year statute of limitations makes § 2255's remedy 'inadequate or ineffective' whenever a prisoner blows that deadline."); *Logan*, 22 F.Supp.2d at 694 ("Petitioner may not resort to § 2241 to overcome his failure to petition timely."). In short, while Petitioner asserts that he "cannot satisfy the gatekeeping provision," "the inability to use § 2255 to challenge the legality of one's detention is not enough to prove inadequacy or ineffectiveness." *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012).

Additionally, Petitioner has not demonstrated that the savings clause applies because of a change in statutory interpretation by the Supreme Court. Petitioner argues that "[f]ollowing the teachings of *Rehaif*, Mr. Dixon is 'actual[ly] innocent'" (ECF No. 3 at PageID.29-30). A petitioner who asserts factual innocence due to a change of law must demonstrate the following four conditions:

> (1) the existence of a new interpretation of statutory law, (2) issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) that is retroactive, and (4) applies to the petition's merits such that it is more likely than not that no reasonable juror would have convicted the petitioner.

*Phillips v. United States*, 734 F.3d 573, 582 (6th Cir. 2013) (citing *Wooten*, 677 F.3d at 307-08) (internal quotation marks omitted)).

In *Rehaif*, 139 S. Ct. at 2200, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." The Sixth Circuit held that the "rule stated in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.'" *Khamisi-El v. United States*, 800 F. App'x

344, 349 (6th Cir. 2020). The Eleventh Circuit and at least one district court in the Sixth Circuit have determined that *Rehaif* is not retroactively applicable to cases on collateral review. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (holding that *Rehaif* "was not made retroactive to cases on collateral review by the Supreme Court."); *Swindle v. United States*, No. 1:17-CR-158, 2020 WL 3167012, at *1 (W.D. Mich. June 15, 2020) ("*Rehaif* does not apply retroactively to cases on collateral review"), appeal pending.

Last, while Petitioner asserts that his plea is "invalid" under the rule set forth in *Rehaif* because "[h]e did not know he belonged to the relevant category of persons barred from possessing a firearm" (ECF No. 3 at PageID.31), Petitioner expressly acknowledged during his plea proceeding that on the day in question, he was "a felon that possessed a firearm" (2/14/2017 Plea Tr., 1:16-cr-245, ECF No. 20 at PageID.41). Thus, Petitioner also fails to demonstrate "that it is more likely than not that no reasonable juror would have convicted the petitioner."

In sum, Petitioner has not borne his burden of demonstrating his entitlement to bring his § 2241 petition under the savings clause of § 2255(e). Therefore:

**IT IS HEREBY ORDERED** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is DISMISSED.

This case is CLOSED.

Dated:  December 2, 2020         /s/ Janet T. Neff
                                 JANET T. NEFF
                                 United States District Judge